IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | 5:06-cr-70 (HL) |
| KAREEM SAMUEL JONES, | : | |
| Defendant. | : | |

## ORDER

Before the Court is Defendant Jones's "motion to enter a valid judgment" (Doc. 22). For the reasons set out below, the motion is denied.

On July 20, 2006, Defendant was indicted in the Macon Division for the Middle District of Georgia under 18 U.S.C. § 2113(a) for taking "from the presence of Sue Ann Howard, approximately $1,100.00 in money in the care, custody, control, management and possession of the Sun Trust Bank, 5928 Zebulon Road, Macon, Georgia." (Doc. 1). Before trial, the United States Attorney moved to dismiss the indictment because Defendant has been indicted by the State of Georgia in the Superior Court of Bibb Count, Georgia, and federal prosecutors chose to defer to the state prosecution. (Doc. 16). That motion was granted on October 3, 2006. (Doc.

19).

Defendant has made a motion to enter a valid judgment. He argues that he was denied effective assistance of counsel when his attorney failed to object to the motion to dismiss the indictment, and that the State's prosecution violated his Fifth Amendment right against double jeopardy. He requests relief in the form of a declaratory judgment finding that the state court prosecution was illegal, an injunction against Bibb County for his prosecution, an order dismissing the federal case "indefinitely," and the issuance of a notice to all United States Attorneys to "refrain from this type of practice." (Doc. 22).

The Court finds no impropriety in the dismissal of the indictment in this case. It did not violate the constitutional prohibition against double jeopardy because a jury had not yet been empaneled in the case. See United States v. Mayes, 158 F.3d 1215, 1220 (11th Cir. 1998) (noting that double jeopardy clause prohibits second prosecutions after acquittal or conviction). Although federal prosecutors may charge a defendant under federal law for the same conduct that has already resulted in a conviction under state law, it is not uncommon for them to refrain to do so. See Rinaldi v. United States, 434 U.S. 22 (1977). If the state court lacked jurisdiction to prosecute him under state law, that was an issue to raise during the state court prosecution, but it does not render the dismissal improper. In addition, he may raise his ineffective assistance of counsel claim by appealing his state conviction through the state appellate process or by filing a petition for habeas corpus. Defendant's

Motion is therefore denied.

**SO ORDERED**, this the 11th day of March, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch